[Civ. No. 107. First Appellate District.—December 14, 1905.]

## MARY MURPHY, Appellant, v. BOARD OF POLICE PENSION FUND COMMISSIONERS, Respondent.

Mandamus—Pension of Widow of Deceased Policeman—Evidence—Declaration—Hearsay.—In a *mandamus* suit to compel the payment of a pension to plaintiff as widow of a policeman alleged to have been killed while in performance of his duties, evidence of what the policeman said after he had been injured, and after the persons claimed to have injured him had passed out of sight, as to what was the matter with him, was purely hearsay, and not part of the *res gestae,* and was properly excluded.

Id.—Privileged Communications—Physician and Patient.—A question not confined to communications made by the deceased to the physician attending upon him, during the first interview between them, when the wife was present, but which covered the whole period of twenty visits, during which communications were made by the patient to the physician when no one else was present, and which were necessary to enable the physician to prescribe for the patient, called for privileged communications forbidden to be divulged by the terms of subdivision 4 of section 1881 of the Code of Civil Procedure, and was properly excluded.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

A. P. Black, for Appellant.

Franklin K. Lane, City Attorney, for Respondent.

COOPER, J.—Application for writ of mandate to compel the defendant, board of police pension fund commissioners, to order and direct that a monthly pension of $50 per month be paid to plaintiff from the date of the death of her deceased husband, Joseph F. Murphy, as long as she shall remain unmarried. The case was tried in the court below upon issues raised by the answer, and findings were filed, upon which judgment was ordered and entered in favor of defendant. Plaintiff made a motion for a new trial, which was denied, and this appeal is from the order denying the plaintiff's motion.

Error is claimed in respect to the rulings of the court in sustaining two objections to questions asked by plaintiff of her own witnesses during the trial. The theory and claim of plaintiff was that her deceased husband was killed while in the actual performance of his duties as a member of the police department, by receiving severe internal injuries while arresting an offender against the laws. Harry Seguin, a witness called by plaintiff, testified that he was standing near Ninth street when he heard the call of a police whistle; that he walked down Harrison street, past Eighth street, past Chesley street, until he came near to Langdon street, a distance of over three hundred feet, when he saw Murphy, plaintiff's husband, bending over, holding his side, and supported by two men; that while walking down Harrison street from Ninth street he saw three men run down Harrison street from Ninth street; that when he arrived at the point on Harrison street where Murphy was standing the three men he saw running had passed out of sight. The witness was then asked to state what Murphy said to him at that time as to what was the matter with him. The question was objected to upon the ground that it was hearsay and no part of the *res gestae,* and the court sustained the objection. The ruling was not erroneous. The evidence sought to be elicited was purely hearsay. It could not, under well-settled principles of evidence, be binding upon defendant. If Murphy had received injuries from the men who were seen running away, it would seem that plaintiff could have proven it without the evidence of Murphy's statement of a transaction that had ended and been completed. Murphy was not under oath. The defendant was not present. The statement was made, if made at all, after Murphy had been injured, if he had been injured. (*People* v. *Ah Lee,* 60 Cal. 85; *People* v. *Wong Ark,* 96 Cal. 125, [30 Pac. 1115].)

It is next claimed that the court erred in sustaining defendant's objection to a question asked of the witness Dr. Buckley, for the purpose of showing statements or information given by deceased to the physician at the time he attended deceased after his alleged injury. It seems to be conceded in the briefs that the object of the question was to obtain information acquired by Dr. Buckley in attending

Murphy, which was necessary to enable him to prescribe or act for the patient. The code expressly provides that a physician cannot be examined in such cases (Code Civ. Proc., sec. 1881, subd. 4), and the court has so held. (*In re Flint*, 100 Cal. 391, [34 Pac. 863] ; *Estate of Nelson*, 132 Cal. 182, [64 Pac. 294].) Appellant insists that this information and the statements were given in the presence and hearing of plaintiff, and hence that they were not privileged because made in the presence of a third person. The question was not confined to what was said at the first visit' of the physician and in the presence of plaintiff at and during that visit. Dr. Buckley attended deceased from September 10, 1899, to the end of October, 1899, and made in all about twenty visits. No one was present at any of the visits after the first one, except the doctor and the deceased The question asked included all the time during which deceased was under the care of the doctor, and hence the question does not come within the exception claimed by appellant. This disposes of all the questions argued in the briefs.

The order is affirmed.

Harrison, P. J., and Hall, J., concurred.